**E-FILED**
Wednesday, 25 February, 2026  12:30:15 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

KOTY CARAKER,
    Plaintiff,

v.                                                          Case No. 1:26-cv-01050-JEH

MINDI NURSE, *et al.*,
    Defendants.

### Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Pontiac Correctional Center ("Pontiac"), filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 12). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II

In the caption of his Amended Complaint, Plaintiff identifies Chief Administrative Officer James Carothers, Grievance Officer Robert Rivett, and

Michael Clemons, Jr. as Defendants. Plaintiff does not refer to Defendants by name in the body of his Amended Complaint. Plaintiff's allegations are largely vague and confusing.

Plaintiff alleges he received a response to a grievance he wrote in July 2025 on February 4, 2026, and multiple claims in his grievance were ignored.

Plaintiff alleges he was not assessed by medical staff, and his injuries were not documented. Plaintiff states they also failed to investigate his claims of sexual harassment. Plaintiff states he requested audio and video footage to prove his claims, but his request was ignored.

Plaintiff also alleges they determined his mental health was not a mitigating factor because he is not labelled as severely mentally ill. Plaintiff states he was diagnosed with several mental disorders when he was a child. Plaintiff states he is currently on the mental health caseload at Pontiac. Plaintiff states he has poor impulse control, severe anxiety, and mood swings. Plaintiff alleges staff members provoke and enable destructive behavior, and inmates are forced to remain in their cells 24 hours a day without proper mental health treatment.

### III

Throughout his Amended Complaint, Plaintiff refers to "they" rather than the named Defendants. It is unclear how Defendants Carothers, Rivett, and Clemons participated in any alleged constitutional violations. An individual is liable under § 1983 only if he or she personally participated in the alleged deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Defendants cannot be held liable merely because of their supervisory positions, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief.

Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules . . . is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Plaintiff's allegations are too vague and devoid of sufficient context and detail to place Defendants on notice of the claims against them.

Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8 and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Plaintiff shall have a final opportunity to file a Second Amended Complaint within 30 days from the entry of this Order. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely Second Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

## IV

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 11). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively

precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

Plaintiff states he is unable to contact any attorneys, as he receives no indigent supplies to write to law firms or advocacy groups, has no access to the phone, and currently has no electronic mail privileges. The Court finds that Plaintiff is effectively precluded from making a reasonable attempt to obtain counsel.

At this early stage of the legal proceedings, the Court finds Plaintiff is competent to represent him. Plaintiff states he earned his GED. In this Order, the Court provided Plaintiff with clear instructions that he must plead specific facts against each Defendant whom he holds liable. Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

1)    Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8 and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Plaintiff shall have a final opportunity to file a Second Amended Complaint within 30 days from the entry of this Order. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint

must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely Second Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2)    The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.

3)    Plaintiff's Motion to Request Counsel [11] is DENIED.

4)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

*It is so ordered.*

Entered: February 25, 2026

s/Jonathan E. Hawley
U.S. District Judge